**THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND**

| | | |
|---|---|---|
| TIFFANY C. BROOKING, | * | |
| | * | |
| PLAINTIFF, | * | |
| | * | CIVIL ACTION NO.: 8:24-cv-03072-SAG-GLS |
| v. | * | |
| | * | |
| PRINCE GEORGE'S COUNTY, MD, | * | |
| | * | |
| DEFENDANT. | * | |
| | * | |

\* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \* \*

### PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR PROTECTIVE ORDER

NOW COMES Plaintiff, Tiffany Brooking, by and through undersigned counsel, and respectfully submits this Opposition to Defendant's, Prince George's County, MD (hereinafter, the "County" or "Defendant"), Motion for Protective Order ("Opposition") pursuant to Rules 26 and 30(b)(6) of the Federal Rules of Civil Procedure and Local Rules 2-402, 2-403, and 2-412.

### I.      Introduction & Factual Background

The motion for which this Opposition is being submitted arises from Defendant's objections to Plaintiff's Rule 30(b)(6) deposition notice seeking to learn information through topics that are relevant, material, and proportional, to the counts in Plaintiff's Complaint filed with this Honorable Court. Despite at least two meet and confers and Plaintiff's subsequent amendments to the Rule 30(b)(6) deposition notice at issue (*see* Third and Fourth Amended Notices), Defendant filed this Motion in response to the Fourth Amended deposition Plaintiff noted right after the June 4th meet and confer held. That notice set the deposition for June 12, 2026, a date the Parties previously agreed to. As a result of the meet and confer that was held on June 4, 2026, Plaintiff's counsel once again, prepared a Fourth Amended Rule 30(b)(6) Notice addressing

the issues discussed on the call. Specifically, the objections raised in Defendant's letter, misdated October 16, 2025. Although Plaintiff's counsel believed that some of the objections related to style (suggesting Plaintiff combine topics) rather than specific objections to proportionality, relevance, or materiality, Plaintiff's counsel made edits by combining specific topics into one, deleting duplicative topics, and otherwise, making clarifications to specifically address the issues raised in Defendant's counsel letter and discussed during the June 4th meet and confer. The same day, Plaintiff's counsel sent over the Fourth Amended Notice setting the deposition for June 12, 2026, a date the Parties had agreed to during a previous conversation concerning scheduling dates for the Rule 30(b)(6) deposition. The Fourth Amended Notice reduced the topics for Plaintiff's Fed. R. Civ. P. 30(b)(6) ("30(b)(6)") deposition from thirty-five (35) and now to twenty-six (26). *See* ECF No. 23-10; Exhibit ("Exh") 3, Letter re: Results of Meet & Confer (May 27, 2026). The timeline of the last two months is instructive.

Plaintiff submitted an Amended Notice of 30(b)(6) Deposition on April 3, 2026 ("Amended Notice") to the Defendant through counsel, along with several other deposition notices for key witnesses. *See* ECF No. 23-5, 23-6. In response, Defendant's counsel reminded Plaintiff's counsel that it had previously submitted a letter with objections to Plaintiff's initial Notice of 30(b)(6) Deposition ("First Notice") in October 2025 ("First Objection Letter"). *See id.* at 23-6. Plaintiff's co-counsel at that time, Mr. Rose, was primarily responsible for handling the issues concerning that initial Notice and the objections thereto. However, he departed the undersigned's law firm in or around November/December 2025, and the undersigned had to pick up the file on this case, and work to address the issues remaining with discovery, including the Rule 30(b)(6) deposition. By in or around early-to-mid March 2026, reengaged the Defendant on additional depositions, including a 30(b)(6) deposition, issuing the Amended Notice. *See id.* at 23-5, 23-6.

2

Defendant reiterated her objections and indicated that the Parties still needed to confer, to see if they could resolve their issues concerning the 30(b)(6) deposition. *See id.* at 23-6. As a result, a meet and confer phone call, where Defendant's counsel reiterated her concerns from her First Objection Letter and the undersigned agreed to clarify the topics to address her concerns, including removing duplicate topics then existing. Plaintiff's counsel addressed the objections noted and prepared, subsequent to that conferral, on April 20, 2026, a Second Amended Notice of 30(b)(6) Deposition ("Second Amended Notice"), clarifying some of the topics that Defendant was concerned with during their meet and confer. *See id.* at 23-7. Defendant, through counsel, reiterated similar objections in response to the Second Amended Notice, via email on April 21, 2026. *See* Exh. 1, Email from Shelley Johnson to Donna Rucker (Apr. 21, 2026). As a result, on or about April 24, 2026, the Parties met to confer regarding the Second Amended Notice.

Then, on May 13, 2026, Defendant's counsel notified Plaintiff's counsel that the Second Amended Notice was allegedly still not sufficient. *See* Exh. 2, Email from Shelly Johnson to Donna Rucker (May 13, 2026). The undersigned followed up with a letter memorializing their meet and confer on May 25, 2026, a letter not included in the exhibits Defendant provided in support of its Motion, outlining 16 of the 40 topics that Defendant had concerns with, and what Plaintiff was going to do to address Defendant's specific concerns. *See* Exh. 3, Letter from Donna Rucker to Shelly L. Johnson (May 27, 2026).[1] Plaintiff also submitted a Third Amended Notice of 30(b)(6) Deposition with that letter, scheduling the deposition for June 5, 2026, addressing the objections made and discussed during the meet and confer, deleting duplicative topics, clarifying some of the topics, withdrawing Topic 21, and reducing the list of total topics by five (5) based on Defendant's

---

1 The date Plaintiff's Third Amended Notice and letter submitted in conjunction therewith, identified as Exhibit 3 herein, were incorrectly listed as May 27, 2026. They should both have been May 25, 2026. *See* Exh. 4, Email from Donna Rucker to Shelly Johnson (May 25, 2026).

concerns. *See* ECF No. 23-8; Exh. 4, Email from Donna Rucker to Shelly Johnson (May 25, 2026).

On or about May 26, 2026, Defendant submitted a second objection letter to Plaintiff's Third Amended Notice, raising objections not raised in the October 16, 2025, objection letter or during the Parties meet and confer held. *See* ECF No. 23-9; Exh. 5, Email from Shelly Johnson to Donna Rucker (May 26, 2026). In response to the Second Objection Letter, Plaintiff's counsel scheduled another meet and confer, which occurred on June 4, 2026, to confer regarding Defendant's Objections to Plaintiff's Third Amended Notice. Plaintiff was earnestly trying to address Defendant's concerns, and focus on what Plaintiff's counsel believed Plaintiff would need to discover to be able to address allegations likely to be included in Defendant's motion for summary judgment. During that meet and confer, Plaintiff's counsel acknowledged Defendant's concerns indicated in its Second Objection Letter and addressed each objection with Defendant's counsel. Plaintiff's counsel noted that some of the objections were not objections to the topics themselves, but an observation that several topics could be combined as one. Plaintiff's counsel indicated that since there was no objection concerning these topics other than a stylistic objection, Defendant's counsel could identify the same person for the topics that were not combined (e.g., 1-4, 5-8, 17-20, 9-12, 13-14, 15-16, and 18). Regarding Topic 18, Plaintiff's counsel clarified and limited the focus of the individuals this topic was seeking to cover. In response thereto, Plaintiff submitted a Fourth Amended Notice of 30(b)(6) Deposition ("Fourth Notice") later that same day, noticing the deposition for June 12, 2026, agreed upon by the Parties. *See* ECF No. 23-10. Defendant made no further contact with Plaintiff and did not attempt to schedule a meet and confer with Plaintiff on this Fourth Notice, however, and instead filed this Motion the next day seeking to prevent Plaintiff from taking any 30(b)(6) deposition altogether. It is also important to note that Defendant's did not seek Plaintiff's position regarding the Motion filed.

Plaintiff worked with Defendant's counsel to address concerns raised and never indicated to Defendant's counsel that Plaintiff was unwilling to work to resolve concerns. During the extensions sought and received by this Honorable Court, Plaintiff worked to address the objections by Defendant to Plaintiff's Rule 30(b)(6) deposition notice, presented Plaintiff to be deposed by Defendant, and conducted the deposition of several fact witnesses. This Rule 30(b)(6) deposition is the last deposition needed in this matter and should likely only take a few hours to conduct. Plaintiff will be severely prejudiced if she is unable to conduct the corporate deposition since several fact witnesses have testified differently regarding practices and procedures. Plaintiff needs Defendant's organizational testimony in order to avoid Defendant later disavowing the testimony of fact witnesses in a motion for summary judgment filed. Plaintiff's counsel shared with Defendant's counsel the need to have a 30(b)(6) witnesses address specific factual and procedural matters extremely material to the claims in this case. In response to Defendant's counsel alleging that no evidence exists related to a specific topic, Plaintiff's counsel explained that a response from any designee stating such would be sufficient.

Notwithstanding the above and Plaintiff's counsel's efforts to address objections noted in two (2) separate objections letter, Defendant moved forward with its Motion on June 5, 2026, just one (1) day after Plaintiff sent over her letter narrowing her 30(b)(6) topics to twenty-six (26)[2] standalone, relevant, and necessary topics, expending judicial resources. *See* ECF Nos. 23-9, 23-10.[3] Plaintiff was unable to go forth with the noted June 12, 2026 deposition since it was apparent that Defendant would not appear. Plaintiff needs to conduct the Rule 30(b)(6) deposition sought

---

2 Plaintiff mistakenly left out a number between Topics 10 and 11 in her most recent Notice of Deposition, which is why the number of topics is actually twenty-six (26). Plaintiff will, thus, use the numbering as if the Notice was correctly numbered in the first instance (e.g., Topic 11 as listed should actually be Topic 12, Topic 12 as listed should actually be Topic 13, etc.).

3 The date of the Defendant's second objection letter was mistakenly left as the date of the prior objection letter (October 16, 2025), instead of the date it was sent, or, on or about May 26, 2026. *See* ECF No. 23-9.

throughout the discovery process in this case and respectfully request this Honorable deny Defendant's unwarranted attempt to suddenly block Plaintiff from conducting the same.

This Opposition follows.

## II.     Legal Standards

Fed. R. Civ. P. 26 indicates that the standard for obtaining particular discovery is relevancy to a party's claim and as long as it is "proportional to the needs of the case, considering the importance of the issues at stake in the action, . . . the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expensive of the proposed discovery outweighs its likely benefit." *See Crete Carrier Corp. v. Sullivan & Sons, Inc.*, Civil Action No. ELH-21-0328 (D. Md. Apr. 21, 2022) (citing Fed. R. Civ. P. 26(b)(1)). As this Court has made clear, "The party seeking discovery has the burden to establish its relevancy and proportionality, at which point the burden shifts to the party resisting discovery to demonstrate why the discovery should not be permitted." *Arrow Electrical Solutions v. Tricore Sys., LLC*, Civil Action No. 22-2363-JKB (D. Md. Nov. 7, 2024) (citing *Bost v. Wexford Health Sources, Inc.,* Civ. No. ELH-15-3278, 2020 WL 1890506, at *8 (D. Md. Apr. 15, 2020)).

With respect to the party trying to prevent the other side from obtaining particular discovery, the party resisting must "clarify and explain precisely why its objections are proper given the broad and liberal construction of the federal discovery rules." *Sky Angel US, LLC, v. Discovery Commc'ns*, 28 F.Supp.3d 465, 482 (D. Md. 2014) (citing *Desrosiers v. MAG Indus. Automation Sys., LLC,* 675 F.Supp.2d 598, 601 (D. Md. 2009)). Overall, the resisting party must establish good cause given the "standard for issuance of a protective order is high." *See Columbia Gas Transmission, LLC, v. 252.071 Acres, More or Less, in Balt. Cnty, Md.*, No. ELH-15-3462,

2016 WL 7167979 (D. Md. Dec. 8, 2016) (citing *Webb v. Green Tree Servicing LLC*, 283 F.R.D. 276, 278 (D. Md. 2012); *Minter v. Wells Fargo Bank, N.A.*, 258 F.R.D. 118, 125 (D. Md. 2009)).

## III.    Argument

A. *Defendant's Motion is Premature and does not Proffer Sufficient Rationales to Meet the High bar for a Protective Order*

As an initial matter, Defendant raised objections regarding particular topics in its objection letters but never asserted that Plaintiff should be prevented from conducting a Rule 30(b)(6) deposition. Such was not even advanced during the Parties last June 4th meet and confer call. Without notice or discussion with Plaintiff, Defendant suddenly shifts its position away from alleged concerns with the topics in the deposition notice and now asks the Court through the motion for a protective order filed to strike the <u>entire</u> list of topics Plaintiff has proposed. Defendant during the June 4th meet and confer did not intimate that there were "concerns" with all of Plaintiff's topics. Therefore, this request for a protective order is not advanced in good faith and seeks to block Plaintiff regarding topics never objected to.

Throughout the discovery process, Defendant noted objections, Plaintiff addressed each, and it appears that after it was apparent that that some concerns voiced would not eliminate topics (speaking of Defendant's suggestion regarding combining topics), Defendant has sought to eliminate Plaintiff's ability to conduct a 30(b)(6) deposition, but should not be able to benefit from her tactics. Defendant's actions should not serve as proof to the Court that it engaged in proper conferring with Plaintiff regarding the Plaintiff's proposed 30(b)(6) deposition, something that is underscored by the fact that Defendant seemed intent on filing its motion, notwithstanding Plaintiff dramatically reduced her topics and addressed many of Defendant's concerns, by filing it just one (1) day after Plaintiff submitted her Fourth Notice on June 4, 2026, and without conferring as required by the Rules, before filing and seeking the relief sought.

Defendant's Motion comes at a time where the Parties were still in the process of conferring on topics for Plaintiff's 30(b)(6) deposition. As referenced herein, the Parties have conferred several times on Plaintiff's proposed topics and it has resulted in Plaintiff dropping her initially proposed forty (40) topics to twenty-six (26). Had the Defendant conferred with Plaintiff after receiving Plaintiff's Fourth Notice, there was a possibility that Plaintiff could have further reduced the list, and there still is. However, while a list of twenty-six (26) topics is substantial, Plaintiff has taken the step of addressing Defendant's concerns on the duplicative nature of some of the requests to heart, leaving her with twenty-six (26) topics that are considerably distinct in their own right and necessary for Plaintiff's prosecution of her case.

For example, for Topics 1-5, Plaintiff has requested: 1) Defendant's knowledge of the chain of custody for the vial at issue during the relevant time frame (March 1 and 2, 2022), 2) how and when, for example, the vial was deemed "compromised", 3) the decision-making process for referring employees to "with cause" urinanalysis on March 3, 2022, 4) knowledge of communications from March 1-10, 2022, about the vial and urinanalysis' done, and 5) Plaintiff's work schedule and location after March 1, 2022. *See* ECF No. 23-10, at 2. Those topics, while mostly related, are distinct topics and bear directly on Plaintiff's claims of discrimination and retaliation at issue in this matter, as they concern Defendant's actions at the center of her suspension and whether it treated her fairly or discriminatorily in investigating her.

Similarly, Topics 6-26 play off the first five (5) topics, but contain requests for information that still bear on Defendant's alleged discriminatory actions in the instant matter. They concern things like different questions on treatment for comparators to Plaintiff (*see* Topics, 6, 13, 17, 18, 21, 23). Different policies and general orders, training on those policies and general orders, how they impacted Defendant's actions here, and whether they were followed here (*see* Topics 7, 14,

17, 19, 20, 24). And knowledge concerning the internal EEO investigation conducted into Plaintiff's March 9, 2022, complaint and remedial actions taken, if any (*see* Topics 8 and 16). The rest are mostly individual topics that concern other relevant considerations for Plaintiff's Complaint, including different questions regarding the investigation that gave rise to Plaintiff's suspension, the suspension itself, knowledge of the system that kept track of the vial/chain of custody (*see* Topics 9-11), knowledge of litigation hold efforts (*see* Topic 14), knowledge of the "Administrative error" at issue (*see* Topic 18), the knowledge of Plaintiff's report of harassment (*see* Topic 22), and knowledge of the organizational chart and roles for employees in Fire/EMS for 2022 in EEO, quality assurance, and logistics (*see* Topic 25).

Notably, the Defendant's Motion is mostly conclusory and relies on its assertions from its last objection letter from May 26, 2026. A distillation of its Motion indicates it is arguing that the Fourth Notice presents topics that are not proportional to the needs of the case, and fails to provide Defendant with enough time to prepare for its topics, thus, constituting an undue burden. However, beyond citing to one non-precedential case, Defendant does not adequately explain how the Plaintiff's twenty-six (26) topics would *actually* constitute an undue burden to prepare a witness to testify about, or how the topics requested are irrelevant to Plaintiff's Complaint. Just by way of some examples, information concerning comparators, whether policies were followed, what steps were taken to investigate Plaintiff's report of harassment and the conduct that led to the discipline at issue, *inter alia*, all directly bear on the issues in this case. *See, e.g., Jones v. Eli Lilly and Co.*, No. 23-1502 (4th Cir. July 2, 2025) (unpublished) (citing *Lightner v. City of Wilmington*, 545 F.3d 260, 264-65 (4th Cir. 2008) for the standards for proving comparators in discipline context under Title VII of the Civil Rights Act of 1964, as amended); *EEOC v. Xerxes Corp.*, 639 F. 3d 658, 669, 670 (4th Cir. 2011) (discussing how investigating reports of co-worker harassment are important

9

for determining whether company can be held liable for hostile work environment claim); *Smith v. First Union Nat'l Bank*, 202 F.3d 234, 245, 246 (4th Cir. 2000) (discussing weak investigation into individual's reports of sexual harassment in context of her sexual harassment and reprisal claims).

Notwithstanding the differences in the topics noted at least in part, *supra*, Defendant's concerns with Plaintiff's proposed topics are misguided. They first focus on topics being consolidated due to Defendant's perception of the similarity between the topics. *See* ECF No. 23-9, at 1. However, Defendant's assertion that topics need to be consolidated does not mean the topics are irrelevant or disproportional to the needs of this case. That is, essentially, an argument regarding semantics. The fact that Plaintiff separately listed topics as opposed to creating less topics that are long-form, should not preclude her from obtaining deposition testimony on her topics, especially as longer topics could create confusion.

Next, Defendant cited to one topic, Topic 18, that it felt was overbroad for the assertion that "Many of the topics are overly broad and properly limited to the claims asserted in this case." *See id.* at 2. It cites to two objections as to that Topic, both of which could have been addressed had they been raised before. *See* ECF No. 23-2 (no mention of the specific objections raised). However, Plaintiff did address that objection by not including that topic in her Fourth Amended Notice, at least in its prior form. *See* ECF No. 23-10.

Further, it objected on the basis that one of the topics concerned something that was allegedly not supported by something produced earlier in discovery. Yet, it provides no authority in its recent objection letter or its Motion for the proposition that a 30(b)(6) deposition cannot be used to obtain testimony regarding topics not previously disclosed during discovery, which is likely because it cannot. That is because, as the court in Defendant's main case stated, 30(b)(6)

10

depositions can be limited or subjected to protective order when they seek information that is "duplicative, cumulative, and beyond what is proportional to the needs of the case." *See* ECF No. 23, at 6 (citing *Niederberger v. Wegmans Food Markets, Inc.*, Civil No. 1:23-cv-2759-JKB, at 4 (D. Md. Apr. 9, 2026)). But evidence that was not previously gathered in discovery can obviously not be considered duplicative or cumulative, and the fact that all of Plaintiff's Topics have some bearing on her case means they cannot be considered disproportionate herein, either.

For all of these reasons, Defendant's justification for its Protective Order are lacking, especially given the substantial facts and circumstances it does not have and needs to have to demonstrate why Plaintiff's request for relevant discovery is outweighed by Defendant's interests. *See Columbia Gas Transmission, LLC, supra* (citation omitted).

B. *Niederberger is Distinguishable from the Instant Case*

As mentioned herein, Defendant cites to *Niederberger* to liken the circumstances therein to here, which is problematic. While there was some delay in Plaintiff getting back with Defendant on the 30(b)(6) deposition and both cases involve discrimination under Title VII, the similarity ends there. That is because that case involved a 30(b)(6) notice with *seventy (70)* topics, initially, which was later reduced to fifty-eight (58). *See Niederberger*, *supra*, at 1, 2. The plaintiff there was also asking about overly broad topics, including information regarding other stores he did not work at and were, thus, not limited at all geographically. *See id.* at 7. In addition, the Court had previously issued an order reducing the plaintiff's topics to ten (10), which the plaintiff and defendant still failed to agree on due plaintiff's inclusion of extremely, open-ended language in his topics such as, "and all other documents on this particular topic that are responsive to Plaintiff's Amended Requests for Production of Documents [listing specific requests] but that were not already produced." *See id.* at 5. The Court ultimately granted the defendant's motion for a

protective order for those reasons, but also because it was concerned with the plaintiff's lack of diligence on the matter after its order permitting the 10-topic deposition. *See id.*

Here, again, the topics at issue have been limited, after several meet and conferrals, to twenty-six (26), and were clarified to avoid some possible ambiguity or overbreadth. Plaintiff's Fourth Notice is confined to the facility, policies and procedures, pertinent witnesses, who worked with Plaintiff and/or were involved in some capacity on the investigation that led to her discipline, for example. *See Carr v. Double T Diner*, Case No. 1:10-cv-00230-WMN, at 9 (D. Md. Nov. 2, 2010) (also available at 272 F.R.D. 431 (D. Md. 2010)) (finding information that was relevant to issue that arose during discovery was "germane to [plaintiff's] cause of action and therefore relevant[.]"). These are not requests that concern other departments in Prince George's County beyond the one where Plaintiff worked, similarly to the plaintiff's requests in *Niederberger*. And, as this Court has stated, "Plaintiffs must be allowed to develop their own case." *Koch v. Specialized Care Servs., Inc.*, 437 F. Supp. 2d 362, 390 (D. Md. 2005) (citation omitted). Preventing Plaintiff from being able to secure organizational testimony on topics that directly bear on the issues at hand would be preventing Plaintiff from doing just that, and just like the Court found in its earlier decision in the same *Niederberger* case, the Defendant, here, "has not . . . established good cause for an order barring [her] from taking *any* 30(b)(6) deposition," as Defendant requests herein. *See Niederberger v. Wegmans Food Markets, Inc.*, Civil No. 1:23-cv-2759-JKB, at 3 (D. Md. Oct. 16, 2025).

Thus, *Niederberger* is distinguishable on the facts of the instant matter, and Defendant's Motion should be denied on that basis as well.

## IV.    Conclusion

Based on the foregoing, Defendant's request to bar Plaintiff from taking any kind of Fed.

R. Civ. P. 30(b)(6) deposition in this matter should respectfully be denied, discovery should be re-opened and extended through at least July 31, 2026, and Plaintiff should be permitted to take a 30(b)(6) deposition on the topics listed in her Fourth Amended Notice and grant such other and further relief as deemed just and proper.

Respectfully submitted,

*/s/ Donna Williams Rucker*
Donna Williams Rucker, Esq.
Tully Rinckey PLLC
2001 L Street, NW, Suite 902
Washington, DC 20036
Phone: 202-787-1900
Fax: 202-640-2059
Email: drucker@fedattorney.com

*Counsel for Plaintiff*

13

## CERTIFICATE OF SERVICE

I hereby certify that on this 19ᵗʰ day of June, 2026, the foregoing was filed with the Court

electronically via its CM/ECF system on the following:

**<u>Counsel for Defendant</u>**

Shelly Lynn Johnson
SJohnson@bkcklaw.com

Kevin Karpinski
Kevin@bkcklaw.com

*/s/ Donna Williams Rucker*
Donna Williams Rucker

14